UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) | 2:05-CR-189-PPS-PRC |
| RAMON PEREZ, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## OPINION AND ORDER

Defendant Ramon Perez has filed a petition seeking to set aside his conviction and sentencing pursuant to 28 U.S.C. § 2255 [DE 96]. For the reasons discussed below, the Court **DENIES** Perez's petition.

### BACKGROUND

Perez was indicted for knowingly possessing with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) [DE 7]. The indictment was based on a November 7, 2005 traffic stop during which Lake County, Indiana police officers stopped Perez's car and recovered a brick-like package of cocaine weighing 993.9 grams [DE 1; PSR, ¶ 13]. That same day, Illinois State Police officers went to Perez's home in Cicero, Illinois, received consent to search from Perez's wife, and recovered a .38 caliber revolver, and additional narcotics, including significant quantities of powder cocaine, heroin, marijuana and methamphetamine [DE 1; PSR, ¶¶ 14-20]. The quantity of cocaine charged in the indictment reflects only the drugs that police seized from Perez's car, not the drugs recovered from Perez's

1

home [PSR, ¶¶ 6-13].

Perez filed a motion to suppress the cocaine seized from his car, which the Court, after conducting an evidentiary hearing, denied [DE 50]. Perez then entered an unconditional blind plea of guilty to the one-count indictment, which the Court accepted [DE 63].

On May 30, 2007, the Court sentenced Perez to 135 months of imprisonment, followed by four years of supervised release, and ordered Perez to pay a $100 special assessment [DE 73]. The sentence was based on the quantity of narcotics recovered from Perez's car, as well as the drugs and the gun recovered from his home. Perez appealed his sentence to the Seventh Circuit, arguing that (a) the drugs seized from his home should not have been used to enhance his sentence; (b) the Court should not have enhanced his sentence based on the gun found in his home; and (c) the 135-month sentence was unreasonable. *See U.S. v. Perez*, 581 F.3d 539, 544-548 (7th Cir. 2009). The Seventh Circuit analyzed and rejected each of these arguments. *Id.*

In the pending Section 2255 motion, Perez challenges his conviction and sentence on the ground that his conviction was obtained and his sentence enhanced "by use of evidence gained pursuant to an unconstitutional search and seizure" (Ground One), and on the ground of "ineffective assistance of counsel" (Ground Two) [DE 96].

In order to flesh out the bare bones claims that he is making, I granted Perez leave to file a memorandum in support of his Section 2255 motion [DE 98], but he did not file one. The government filed a brief in opposition [DE 101].

## DISCUSSION

A motion under Section 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the

2

Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Relief under Section 2255 is reserved for "extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may deny a Section 2255 motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

As mentioned above, Perez has two grounds for – one based on alleged Fourth Amendment violations and the other more generally for ineffective assistance of counsel. Even though the ineffective assistance of counsel claim is labeled Ground 2, it is more sensible to take that one up first, which is what I do below.

**I.    Ineffective Assistance of Counsel**

To establish his claim for ineffective assistance of counsel, Perez must demonstrate: (1) that his attorney's performance was deficient; and (2) that such representation prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Raygoza v. Hulick*, 474 F.3d 958, 962 (7th Cir. 2007). The first prong of the *Strickland* test is satisfied by showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. U.S.*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 687).

3

To satisfy *Strickland*'s prejudice prong, a defendant must demonstrate that it is reasonably likely that his attorney's deficient performance prejudiced him such that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (quoting *Strickland*, 466 U.S. at 694). That is, the defendant must demonstrate that counsel's error actually had an adverse effect. *Strickland*, 466 U.S. at 693. In particular, a defendant who pleads guilty and then alleges ineffective assistance of counsel during plea negotiations must prove that there is a reasonable probability that, "but for counsel's erroneous advice, he would not have pleaded guilty." *Hays v. U.S.*, 397 F.3d 564, 568 (7th Cir. 2005) (quoting *Bridgeman v. U.S.*, 229 F.3d 589, 592 (7th Cir. 2000)).

In appropriate cases, the court may skip the performance prong of *Strickland*'s two-part test, and proceed directly to the prejudice prong. *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); *see also U.S. v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

In support of his ineffective assistance of counsel claim, Perez cites the following issues: (1) his lawyer should not have advised him "to enter a blind plea based on evidence seized during a traffic stop without any probable cause"; (2) the Court should not have enhanced his sentence based on evidence seized from his home; and (3) the Court should not have enhanced his sentence, under U.S.S.G. § 2D1(b)(1), based on the gun found in his home [DE 96 at 5]. The last two of these issues do not address Perez's attorney's performance; so they are immaterial to Perez's claim that his counsel's performance was defective.

4

The first claim of ineffective assistance —that Perez's counsel should not have advised him to enter a blind plea—does relate to his attorney's performance. But it does not support Perez's claim because Perez fails to explain why he believes this advice amounts to deficient performance, and, more importantly, how Perez was prejudiced by it. In particular, Perez fails to allege, much less prove, that there was a reasonable probability he would not have pled guilty but for his counsel's advice, as he must to satisfy *Strickland*'s prejudice prong. *Hays*, 397 F.3d at 568.

Moreover, it is hard to see how Perez could have been prejudiced by his counsel's advice to enter a blind plea. The record indicates that Perez was aware of the consequences of his guilty plea before entering it, and that, at the time of the plea hearing, he was fully satisfied with his counsel's advice and representation [Plea Hrg. Tr. 8 & 9-15]. By the time Perez had agreed to plead guilty, the Court had already denied his motion to suppress the cocaine seized from his car. Thus, the drugs seized from Perez's car would have been used against him at trial, making it unlikely that he would have prevailed at trial. Further, as the government correctly observes, by pleading in the blind as opposed to entering into a written plea agreement, Perez avoided the appellate and collateral attack waivers that a written plea agreement likely would have included, thereby preserving his right to pursue a direct appeal and his right to contest his sentence through this Section 2255 motion.

Because Perez cannot meet *Strickland*'s prejudice prong, his ineffective assistance of counsel claim fails, and there is no need to consider whether his counsel's performance was deficient. *Strickland*, 466 U.S. at 697; *Slaughter*, 900 F.2d at 1124.

II.     **Unconstitutional Search and Seizure**

In support of his alternative ground for relief—Ground One—Perez raises the following two issues: (1) the evidence seized from his car should not have been used to obtain his conviction; and (2) the evidence seized from his home should not have been used to enhance his sentence [DE 96 at 5].

Section 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal. *McCleese v. U.S.*, 75 F.3d 1174, 1177 (7th Cir. 1996). Thus, a Section 2255 motion cannot raise: (i) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (ii) non-constitutional issues that could have been raised on direct appeal, but were not; and (iii) constitutional issues that were not raised on direct appeal. *See Belford v. U.S.*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. U.S.*, 26 F.3d 717 (7th Cir. 1994); *see also Varela v. U.S.*, 481 F.3d 932, 935-36 (7th Cir. 2007).

There are two exceptions to this procedural default rule: (a) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (b) the court's refusal to consider the issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. *See McCleese*, 75 F.3d at 1177-78*; Belford*, 975 F.2d at 313; *Hanhardt v. U.S*., 596 F. Supp. 2d 1173, 1179 (N.D. Ill. 2009). Ineffective assistance of counsel, if proven, may be considered cause for a procedural default. *See Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir. 1991); *U.S. ex rel. Gecht v. Pierce*, 450 F. Supp. 2d 888, 898 n.8 (N.D. Ill. 2006).

Perez raised the issue regarding the evidence seized from his home in his direct appeal, and the Seventh Circuit considered and rejected it. *Perez*, 581 F.3d at 545. Yet, Perez makes no attempt to show changed circumstances sufficient to permit the re-litigation of this issue on collateral review. Nor is the Court aware of any such circumstances. Moreover, the foregoing

exceptions to the procedural default rule do not apply to Perez. First, Perez's ineffective assistance of counsel claim is the only possible ground in his motion for showing cause for a procedural default. But, as I found in the preceding section, this claim fails. Second, Perez has made no showing of actual innocence, which he would have to do to show that the "miscarriage of justice" exception applies. Accordingly, Perez is procedurally barred from raising the issue relating to the use of the evidence seized at his home to enhance his sentence.

As for the other issue—regarding the evidence seized from Perez car—Perez did not raise this on direct appeal. But as the government correctly observes, Perez would have been barred from raising this Fourth Amendment issue on direct appeal because Perez's unconditional guilty plea barred him from doing so. *See U.S. v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001) ("an unconditional guilty plea waives all non-jurisdictional defects occurring prior to the plea, including Fourth Amendment claims ").

Accordingly, Perez's "Ground One" basis for Section 2255 relief must fail.

## CONCLUSION

For the foregoing reasons, Perez's Section 2255 motion [DE 96] is **DENIED** and **DISMISSED WITH PREJUDICE,** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The clerk shall enter **FINAL JUDGMENT** accordingly.

**SO ORDERED.**

ENTERED: July 15, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT